Matthew Z. Crotty (WSBA #39284)
RIVERSIDE NW LAW GROUP,
PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (509) 850-7011
Facsimile: (509) 703-7957
Email: mzc@rnwlg.com

Sally J. Abrahamson (pro hac vice
forthcoming)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Telephone: (202) 830-2016
Facsimile: (312) 419-1008
Email: sabrahamson@flsalaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN GREENE, ZURIEL WILLIAMS, and AUBREY NELSON, on behalf of themselves and others similarly situated, | **No.** |
| Plaintiffs, | **COMPLAINT - CLASS AND COLLECTIVE ACTION** |
| v. | **TRIAL BY JURY DEMANDED** |
| CAMPBELL & COMPANY SERVICE CORPORATION, | |
| Defendant. | |

Plaintiffs John Greene, Zuriel Williams, and Aubrey Nelson (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Riverside NW Law Group, PLLC and Werman Salas P.C., complaining of the conduct of Defendant Cambell & Company Service Corporation, allege ("Defendant") as follows:

**<u>Nature of this Lawsuit</u>**

1.     This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as technicians, HVAC technicians, electricians, plumbers, residential field leads, groundworkers, and other similar job titles for Defendant in the State of Washington from three years pre-dating the filing of this complaint through the date of final judgment.

2.     Defendant is a company that provides HVAC, plumbing & electrical services.

3.     Defendant pays its technicians, electricians, HVAC technicians, plumbers, residential field leads, groundworkers, and other similar job titles on an hourly basis.

4.     As part of their job duties, Defendant required Plaintiffs and Rule 23 Class Members (as defined below) to use and work from company vehicles, which contained the tools necessary for them to execute their job duties.

5.     Even though Plaintiffs' and Rule 23 Members' company vehicles constituted the employer's premises and workplace, and Plaintiffs' and Rule 23 Members' were on duty during their commutes to and from their first and last jobs, respectively, Defendant failed to Plaintiffs and Rule 23 Class Members for this work time.

6.     Defendant's vehicles have the company's logo on it, to function as a mobile advertisement.

7.     Defendant controlled the manner in which Plaintiffs and Rule 23 Class Members could use the company vehicles.

8.     Defendant had a written "Company Vehicle Policy" in practice that:

    a.  Prohibited personal use of the company vehicles;

Complaint - Class and Collective Action - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

    b.  Prohibited Plaintiffs and Rule 23 Class Members from allowing individuals not employed by Defendant to ride in Plaintiffs' and Rule 23 Class Members' company vehicles.

    c.  Prohibited Plaintiffs and Rule 23 Class Members from: smoking or vaping inside the vehicles, teaching someone to drive the company vehicles, or leaving the company vehicles unlocked, unattended or parked in dangerous areas.

    d.  Required Plaintiffs and Rule 23 Class Members to maintain the company vehicles.

    e.  Required Plaintiffs and Rule 23 Class Members to keep the company vehicles clean and tidy inside and out.

    f.  Only allowed Plaintiffs and Rule 23 Class Members to use the company vehicles to commute to and from the office, a job site, and their homes, unless Defendant's General Manager provided written approval beforehand.

9.    If Plaintiffs or Rule 23 Class Members did not follow Defendant's Company Vehicle Policy, they faced disciplinary consequences including termination and legal actions.

10.    Defendant also required Plaintiffs and Rule 23 Class Members to engage in work in their company vehicles, including paperwork and processing payment using software in the vehicle.

11.    Plaintiffs, Rule 23 Class Members, and FLSA Collective Members also maintained and transported company equipment in the vehicle.

12.    Defendant also refused to pay Plaintiffs, Rule 23 Class Members, and FLSA Collective Members (defined below) for duties including, but are not limited to: completion of paperwork and electronic files; on-call travel time; maintenance,

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

service, and cleaning of company vehicles; and weekly pre-shift work restocking company vehicles with materials and tools.

13.     Upon information and belief, Defendant instructed dispatchers to limit the time Plaintiffs, Rule 23 Class Members, and FLSA Collective Members could record working from Defendant's physical office to 15 minutes, regardless of the time Plaintiffs, Rule 23 Class Members, and FLSA Collective Members worked. Upon information and belief, if Plaintiffs, Rule 23 Class Members, and FLSA Collective Members recorded more than 15 minutes engaging in work at Defendant's office, Defendant's dispatchers reduced the recorded time in Defendant's timekeeping system. Upon information and belief, Defendant regularly modified Plaintiffs', Rule 23 Class Members', and FLSA Collective Members' recorded hours and regularly suffer or permitted them to work off-the-clock.

14.     Defendant also failed to include non-discretionary bonuses and commissions earned by Plaintiffs, Rule 23 Class Members, and FLSA Collective Members in their regular rates for the purposes of calculating overtime wages.

15.     While employed by Defendant, Plaintiffs, Rule 23 Class Members, and FLSA Collective Members worked more than 40 hours per workweek in one or more workweeks without receiving all overtime compensation owed to them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Washington Minimum Wage Act ("MWA"), RCW 49.46 *et. seq.*, Wage Payment Act ("WPA") RCW 49.48.010, and Wage Rebate Act ("WRA") RCW 49.52.050, and the Washington Industrial Welfare Act, RCW 49.12 *et. seq.*

16.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees who work(ed) as technicians, HVAC technicians, electricians, plumbers, residential field leads, groundworkers, and other

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment, pursuant to the FLSA ("FLSA Collective").

17.    Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the FLSA Collective.

18.    Plaintiffs also bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated current and former employees who work(ed) as technicians, HVAC technicians, electricians, plumbers, residential field leads, groundworkers, and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment for violations of the MWA, RCW 49.46 *et. seq.*, 49.48.010, 49.52.050, and of the Washington Industrial Welfare Act, RCW 49.12 *et. seq.* ("Rule 23 Class").

## **Jurisdiction and Venue**

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law.  *See* 29 U.S.C. § 216(b).

20.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

21.    The Court has personal jurisdiction over Defendant because it does business in Washington in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

22.    Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

Complaint - Class and Collective Action - 5

## The Parties

### Plaintiff John Greene

23.     Plaintiff Greene is a resident of West Richland, Washington.

24.     Plaintiff Greene was employed by Defendant from approximately July 2009 through approximately July 2024 as an electrician and residential field lead.

25.     At all times relevant, Plaintiff Greene was Defendant's "employee" within the meaning of the FLSA and Washington state law.

26.     Plaintiff Greene worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

27.     Defendant often provided Plaintiff Greene with his next-day work assignments in the evening while he was at home.

28.     Plaintiff Greene organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Greene reviewed that day's work queue and job notes in ServiceTitan.

29.      Plaintiff Greene communicated with Defendant prior to and during his commute to his first job site. The communications included on some occasions, Defendant redirecting Plaintiff Greene while enroute to the original job site to a different job site.

30.     Before leaving for his first job site, Defendant required Plaintiff Greene to contact its dispatchers and to contact its dispatchers again once he arrived at the first job site.

31.     Upon information and belief, Defendant tracked Plaintiff Greene's commute from home to his first job site. Upon information and belief, Defendant also tracked Plaintiff Greene's commute home from his last job site.

Complaint - Class and Collective Action - 6

32.   Defendant required Plaintiff Greene to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

33.   Defendant controlled the manner in which Plaintiff Greene could use the company vehicle.

34.   Defendant had a written "Company Vehicle Policy" and practice that restricted the manner in which Plaintiff Greene utilized the company vehicle.

35.   If Plaintiff Greene did not follow Defendant's Company Vehicle Policy, he faced disciplinary consequences including termination and legal actions.

36.   Defendant refused to pay Plaintiff Greene for his time commuting to and from his first and last job sites, respectively, unless the commute was farther than 30 miles.

37.   Upon information and belief, Defendant also refused to pay Plaintiff Greene for duties including, but not limited to: completion of paperwork and electronic files; on-call travel time; maintenance, service, and cleaning of company vehicles; and pre-shift work restocking company vehicles with materials and tools.

38.   Upon information and belief, Defendant's dispatchers reduced Plaintiff Greene's recorded time, including when it exceeded more than 15 minutes at Defendant's office.

39.   Defendant paid Plaintiff Greene a Campbell Company Core Rewards retention bonus, which was non-discretionary.

40.   Defendant paid Plaintiff Greene non-discretionary commissions when he sold certain items to customers.

41.   Defendant did not include non-discretionary bonuses or commissions in the regular rates it used for overtime wages paid to Plaintiff Greene.

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

42.     A written consent form signed by Plaintiff Greene is attached hereto as Exhibit A.

***Plaintiff Zuriel Williams***

43.     Plaintiff Williams is a resident of Richland, Washington.

44.     Plaintiff Williams was employed by Defendant from approximately August 2022 through approximately January 2025 as an electrician.

45.     At all times relevant, Plaintiff Williams was Defendant's "employee" within the meaning of the FLSA and Washington state law.

46.     Plaintiff Williams worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

47.     Defendant often provided Plaintiff Williams with his next-day work assignments in the evening while he was at home.

48.     Plaintiff Williams organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Williams reviewed that day's work queue and job notes in ServiceTitan.

49.      Plaintiff Williams communicated with Defendant prior to and during his commute to his first job site. The communications included on some occasions, Defendant redirecting Plaintiff Williams while enroute to the original job site to a different job site.

50.     Before leaving for his first job site, Defendant required Plaintiff Williams to contact its dispatchers and to contact its dispatchers again once he arrived at the first job site.

51.     Upon information and belief, Defendant tracked Plaintiff Williams's commute from home to his first job site. Upon information and belief, Defendant also tracked Plaintiff Williams's commute home from his last job site.

Complaint - Class and Collective Action - 8

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

52.    Defendant required Plaintiff Williams to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

53.    Defendant controlled the manner in which Plaintiff Williams could use the company vehicle.

54.    Defendant had a written "Company Vehicle Policy" and practice that restricted the manner in which Plaintiff Williams utilized the company vehicle.

55.    If Plaintiff Williams did not follow Defendant's Company Vehicle Policy, he faced disciplinary consequences including termination and legal actions.

56.    Defendant refused to pay Plaintiff Williams for his time commuting to and from his first and last job sites, respectively, unless the commute was farther than 30 miles.

57.    Upon information and belief, Defendant also refused to pay Plaintiff Williams for duties including, but not limited to: completion of paperwork and electronic files; on-call travel time; and maintenance, service, and cleaning of company vehicle.

58.    Upon information and belief, Defendant's dispatchers reduced Plaintiff Williams's recorded time, including when it exceeded more than 15 minutes at Defendant's office.

59.    Defendant paid Plaintiff Williams non-discretionary commissions when he sold certain items to customers, such as electrical panels, smoke detectors, and Defendant's memberships.

60.    Defendant did not include non-discretionary commissions in the regular rates it used for overtime wages paid to Plaintiff Williams.

61.    A written consent form signed by Plaintiff Williams is attached hereto as Exhibit A.

Complaint - Class and Collective Action - 9

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

*Plaintiff Aubrey Nelson*

62.     Plaintiff Nelson is a resident of Benton City, Washington.

63.     Plaintiff Nelson was employed by Defendant from approximately October 2022 through approximately November 2024 as an electrician.

64.     At all times relevant, Plaintiff Nelson was Defendant's "employee" within the meaning of the FLSA and Washington state law.

65.     Plaintiff Nelson worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

66.     Defendant often provided Plaintiff Nelson with his next-day work assignments in the evening while he was at home.

67.     Plaintiff Nelson organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Nelson reviewed that day's work queue and job notes in ServiceTitan.

68.      Plaintiff Nelson communicated with Defendant prior to and during his commute to his first job site. The communications included on some occasions, Defendant redirecting Plaintiff Nelson while enroute to the original job site to a different job site.

69.     Before leaving for his first job site, Defendant required Plaintiff Nelson to contact its dispatchers and to contact its dispatchers again once he arrived at the first job site.

70.     Upon information and belief, Defendant tracked Plaintiff Nelson's commute from home to his first job site. Upon information and belief, Defendant also tracked Plaintiff Nelson's commute home from his last job site.

71.     Defendant required Plaintiff Nelson to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

Complaint - Class and Collective Action - 10

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

72.     Defendant controlled the manner in which Plaintiff Nelson could use the company vehicle.

73.     Defendant had a written "Company Vehicle Policy" and practice that restricted the manner in which Plaintiff Nelson utilized the company vehicle.

74.     If Plaintiff Nelson did not follow Defendant's Company Vehicle Policy, he faced disciplinary consequences including termination and legal actions.

75.     Defendant refused to pay Plaintiff Nelson for his time commuting to and from his first and last job sites, respectively, unless the commute was farther than 30 miles.

76.     Upon information and belief, Defendant also refused to pay Plaintiff Nelson for duties including, but not limited to: completion of paperwork and electronic files; on-call travel time; maintenance, service, and cleaning of company vehicles; and pre-shift work restocking company vehicles with materials and tools.

77.     Upon information and belief, Defendant's dispatchers reduced Plaintiff Nelson's recorded time, including when it exceeded more than 15 minutes at Defendant's office.

78.     Defendant paid Plaintiff Nelson non-discretionary commissions when he sold certain items to customers.

79.     Defendant did not include non-discretionary commissions in the regular rates it used for overtime wages paid to Plaintiff Nelson.

80.     A written consent form signed by Plaintiff Nelson is attached hereto as Exhibit A.

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

*Defendant Cambell & Company Service Corporation*

81.     Upon information and belief, Defendant Cambell & Company Service Corporation is a corporation formed under the laws of the State of Delaware with its principal place of business in Pasco, Washington.

82.     Upon information and belief, Defendant has maintained control, oversight, and direction over its operations and employment practices.

83.     At all times relevant, Defendant was Plaintiffs' "employer" within the meaning of the FLSA and Washington state law.

84.     At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, including timekeeping, payroll, and other employment practices that applied to them.

85.     Defendant has applied the same employment policies, practices, and procedures to all Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, including policies, practices, and procedures with respect to payment of overtime compensation.

86.     Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

<u>**Collective Action Allegations**</u>

87.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated current and former employees who work(ed) as technicians, HVAC technicians, electricians, plumbers, residential field leads groundworkers,  and other similar job titles for

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

Defendant in Washington from three years preceding the date of this complaint and final judgment, pursuant to the FLSA ("FLSA Collective").

88.    Defendant failed to pay Plaintiffs and the FLSA Collective Members for all hours worked, including suffering or permitting them to engage in the following tasks off-the-clock:

      a.  completing of paperwork and electronic files;

      b.  maintaining, servicing, and cleaning of company vehicles; and

      c.  pre-shift work restocking company vehicles with materials and tools.

89.    Upon information and belief, Defendant required dispatchers to reduce Plaintiffs' and FLSA Collective Members' recorded hours, including reducing any in-office work to 15 minutes even when Plaintiffs and FLSA Collective Members worked for more than 15 minutes in the office.

90.    Defendant paid Plaintiffs and the FLSA Collective Members overtime wages for some of the hours they worked over 40 in a workweek but did not include the non-discretionary bonuses or commission earned by Plaintiffs and the FLSA Collective Members in their regular rates for the purposes of calculating their overtime rates of pay.

91.    Defendant's failure to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate for all time worked over 40 hours in one or more workweeks was willful.

92.    The FLSA Collective Members are readily identifiable and locatable through the use of Defendant's records.  The FLSA Collective Members should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective Members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## <u>Rule 23 Class Action Allegations</u>

93.    Plaintiffs bring the Second, Third, and Fourth Causes of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Washington state law on behalf of themselves and all similarly situated current and former employees who work(ed) as technicians, HVAC technicians, electricians, plumbers, residential field leads, groundworkers,  and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment ("Rule 23 Class").

94.    Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time from three years preceding the date of this complaint and final judgment had a controlling interest in Defendant; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

95.    Defendant employed Plaintiffs and the members of the Rule 23 Class.

96.    The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

97.    Upon information and belief, the size of the Rule 23 Class is at least 50 employees.

98.    There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    a.    whether Rule 23 Class Members performed job duties off-the-clock and without pay, including:

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

        i.   driving to and from their first and last job site;

       ii.   completing paperwork and electronic files;

     iii.   maintaining, servicing, and cleaning of company vehicles; and

    iv.   pre-shift work restocking company vehicles with materials and tools;

b.    Whether Defendant reduced the recorded hours worked by Plaintiffs and Rule 23 Class Members, causing them to engage in off-the-clock uncompensated work;

c.    Whether Defendant failed to include non-discretionary bonuses and commission in Plaintiffs' and Rule 23 Class Members' regular rate of pay for the purposes of calculating overtime wages;

d.    Whether Defendant has violated RCW 49.46.090;

e.    Whether Defendant has violated RCW 49.52.050;

f.    Whether Defendant has violated RCW 49.48.010;

g.    Whether Defendant's policy and practice of failing to properly compensate Plaintiffs and the Rule 23 Members was willful; and

h.    The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Rule 23 Class.

99.    Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of the Rule 23 Class's claims. Plaintiffs, like the Rule 23 Class Members, were subjected to Defendant's policy and practice of failing to pay for all hours worked and failing to include retention bonuses as part of the regular rates of pay for the purposes of calculating overtime wages, in violation of Washington law.

Complaint - Class and Collective Action - 15

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

100.   Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.   Plaintiffs understand that as class representatives, they assume fiduciary responsibilities to the Rule 23 Class to represent its interests fairly and adequately.   Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests.

101.   Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.   Plaintiffs' counsel has litigated numerous class actions on behalf of employees asserting overtime claims under the FLSA and state law.   Plaintiffs' counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Rule 23 Members.

102.   Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third and Fourth Causes of Action is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices of failing to pay for all hours worked and failing to include nondiscretionary bonuses and commissions into the regular rates of pay for the purposes of calculating overtime wages for the Rule 23 Class Members predominate over any individual issues.   The damages suffered by individual Rule 23 Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

103.   Notice (Fed. R. Civ. P. 23(c)(2)(B)) –Plaintiffs intend to send notice to all Rule 23 Class Members consistent with the requirements of Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
### 29 U.S.C. §§ 201, *et seq*.
### (Brought by Plaintiffs – Individually and on Behalf of the FLSA Collective)

104.   Plaintiffs, on behalf of themselves and all members of the FLSA Collective, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

105.   Plaintiffs have expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

106.   Plaintiffs assert claims for unpaid overtime pursuant to the FLSA on behalf of themselves and the FLSA Collective.

107.   Defendant failed to pay Plaintiffs and the FLSA Collective Members for all hours worked, including workweeks in which they worked over 40 hours.

108.   When Defendant paid Plaintiffs and the FLSA Collective Members overtime wages for hours worked over 40 in a workweek, it did not include the nondiscretionary bonuses or commissions earned by Plaintiffs and the FLSA Collective Members in the regular rate for purposes of calculating overtime pay.

109.   Defendant's failure to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate for all time worked over 40 hours in one or more work weeks was willful.

110.   Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective Members.

Complaint - Class and Collective Action - 17

111.   Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

112.   As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby, and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Washington Minimum Wage Act: Unpaid Overtime Wages<br>Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

113.   Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

114.   Plaintiffs assert claims for unpaid overtime pursuant to Washington state law on behalf of themselves and the Rule 23 Class.

115.   RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

116.   Defendant required Plaintiffs and the Rule 23 Class Members to work off-the-clock and uncompensated, including during workweeks when they worked over 40 hours.

117.   When Defendant paid Plaintiffs and the Rule 23 Class Members overtime wages for hours worked over 40 in a workweek, it did not include the

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

nondiscretionary bonuses or commissions earned by Plaintiffs and the Rule 23 Class Members in the regular rate for purposes of calculating overtime pay.

118.   Defendant's failure to pay Plaintiffs and the Rule 23 Class Members for all hours worked, including one-and-a-half their regular rate of pay for hours worked in excess of 40 in their workweeks constitutes violations of RCW 49.46.130 and 49.52.050(2).

119.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Rule 23 Class Members have been deprived of compensation in an amount to be determined at trial, and Plaintiffs and the Rule 23 Class Members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

### THIRD CAUSE OF ACTION
**(Failure to Pay for Work as Required by Employment Policies and Agreement Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

120.   Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

121.   Some of the off-the-clock work hours performed by class members may have fallen in workweeks in which Plaintiffs and Rule 23 Class Members worked less than 40 hours.

122.   As to those hours, Defendant has breached the employment policies and agreements applicable to Plaintiffs and Rule 23 Class Members and has violated statutory requirements, including RCW 49.46.020, 49.46.070, 49.48.010, 49.52.050, 49.48.010, by failing to record and pay for these hours worked at the contractual base rates and contractual premium rates.

123.   As a result of these unlawful acts, Plaintiffs and the Rule 23 Class Members have been deprived of damages in amounts to be determined at trial, and

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

Plaintiffs and the Rule 23 Class Members are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## FOURTH CAUSE OF ACTION

### (Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed, Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)

124. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

125. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for exemplary damages in the amount of twice the wages withheld, attorneys' fees, and costs.

126. As a result of the willful, unlawful acts of Defendant, Plaintiffs and members of the Rule 23 Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Rule 23 Class are entitled to exemplary damages, attorneys' fees, and costs under RCW 49.52.070.

## Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective and Rule 23 Class, request the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of the proposed Rule 23 Class for the claims against Defendant;

C. Appoint Plaintiffs as representatives of the Rule 23 Class;

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

D.    Appoint the undersigned counsel as counsel for the Rule 23 Class and FLSA Collective;

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F.    Exemplary damages pursuant to the Washington Wage Rebate Act, RCW 49.52, *et seq*.

G.    Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Rule 23 from continuing its unlawful practices under the FLSA and Washington state law and/or a declaration that Defendant's acts violate the FLSA and Washington state law;

H.    Reasonable service awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and the Rule 23 Class and for the risks they took in doing so;

I.    Costs of the action incurred herein;

J.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and Washington state law;

K.    Post-judgment interest, as provided by law; and

L.    Such other relief as this Court deems necessary, just, and proper.

### **<u>Jury Demand</u>**

Plaintiffs demand a trial by jury.

Dated:    April 18, 2025    Respectfully submitted,

s/ Matthew Crotty
MATTHEW CROTTY, WSBA 39284
mzc@rnwlg.com
Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208

Complaint - Class and Collective Action - 21

Riverside NW Law Group, PLLC
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
509.850.7011

Spokane, WA 99201
(509) 850-7011


SALLY J. ABRAHAMSON*
sabrahamson@flsalaw.com
Werman Salas P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
(202) 830-2016


*Application for admission pro hac vice   forthcoming

**Attorneys for Plaintiffs and others similarly situated**

Complaint - Class and Collective Action - 22